IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01494-REB-BNB

CLAYTON QUACKENBUSH,

Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A.,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction** [Doc. #11, filed 10/08/2010] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493

---

[1] The plaintiff was ordered to respond to the Motion on or before November 8, 2010 [Doc. #13].  The plaintiff did not file a response.

(1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P., is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff initiated this lawsuit by filing a paper titled "Original Petition" on June 25, 2010 [Doc. #1] (the "Complaint"). The plaintiff is suing JP Morgan Chase Bank, N.A. ("Chase Bank") for actions arising out of a loan agreement for the refinancing of his home located at 1400 Village Avenue, Loveland, Colorado, and a subsequent foreclosure proceeding against the property. *Complaint*, pp. 1, 5.

The Complaint is not a model of clarity. It is long on conclusory allegations and short on factual statements. The plaintiff repeatedly refers to "defendants," "agents," "lenders," and "others," but Chase Bank is the only named defendant.

The Complaint is highly critical of the home mortgage industry. The Complaint includes several pages of conclusory allegations of the wrongdoings by the "lender" and others, which the plaintiff claims he "is prepared to prove[] by a preponderance of evidence." Id. at pp. 5-7. This is followed by a section entitled "Statement of Claim," which appears to state several causes of action. Id. at pp. 7-17. However, the Statement of Claim section is followed by a section titled "Causes of Action." The plaintiff's claims are not clearly stated.

Liberally construing the Complaint, as I must, the plaintiff appears to assert the following claims:[2]

1. The "defendants" lack standing to bring a foreclosure action against the plaintiff in state court. *Complaint*, pp. 7-8.

---

[2] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

2. The "Defendants by and through Defendant's Agents, conspired with other Defendants, et al, toward a criminal conspiracy to defraud" the plaintiff through "acts of negligence, breach of fiduciary duty, common law fraud, fraud by non-disclosure, and tortious acts of conspiracy and theft . . . ." Id. at pp. 8-9, 17-19.[3]

3. The "Lender" fraudulently induced the plaintiff to enter into the loan agreement that the plaintiff could not afford. Id. at p. 9.

4. "In the manner in which Defendants have carried on their business enterprises, they have engaged in a variety of unfair and unlawful business practices prohibited by 15 USC Section 45 et seq. (Deceptive Practices Act)." Id. at p. 11.

5. Unjust Enrichment: "Petitioner is informed and believes that each and all of the Defendants received a benefit at Petitioner's expense, including but not limited to the following: To the Agent, commissions, yield spread premiums, spurious fees and charges, and other 'back end' payments in amounts to be proved at trial; To the originating Lender, commissions, incentive bonuses, resale premiums, surcharges and other 'back end' payments in amounts to be proved at trial; To the investors, resale premiums, and high rates of return; To the servicers including EMS, servicing fees, percentages of payment proceeds, charges, and other 'back end' payments in amounts to be proved at trial; To all participants, the expectation of future revenues from charges, penalties and fees paid by Petitioner when the unaffordable LOAN was foreclosed or refinanced." Id. at pp. 9, 15-16.

---

[3] The plaintiff states that the defendant conspired "with other Defendants" to defraud him. Id. at p. 8. Because there are no other defendants and because he also states that he "has no reason to believe that the Agent, loan officer, appraiser, and others were consciously aware that what they were doing was part of an ongoing criminal conspiracy," id. at p. 2, I find that the plaintiff does not allege sufficient facts upon which a claim for conspiracy can be based.

      6.   The plaintiff seeks to quiet title to the property.  Id. at p. 16.

      7.   "Defendants" violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA");  the Home Ownership and Equity Protection Act of 1994 ("HOEPA"); Regulation X, 24 C.F.R. § 3500.7(a); and Regulation Z, 12 C.F.R. §§ 226.1 et seq.  Id. at pp. 12, 17, 18, 20.

      8.   The plaintiff properly pled in the state court a claim for breach of the implied covenant of good faith and fair dealing.  Id. at pp. 19-20.

      9.   Intentional Infliction of Emotional Distress: "The conduct committed by Defendants, driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants, was extreme and outrageous and not to be tolerated by civilized society."  Id. at p. 20.

The plaintiff seeks an order enjoining the foreclosure of his property; an order enjoining the "Defendants" "from in engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein"; an order quieting title; rescission of the loan contract; restitution; "disgorgement of all amounts wrongfully acquired" by the "Defendants"; actual damages in the amount of $203,150.00; damages for pain and suffering; pre- and post-judgment interest; punitive damages in the amount of $609,450.00; and attorneys' fees and costs.  Id. at pp. 21-22.  The plaintiff also seeks "declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory note executed at the time of the loan closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Petitioner, and a Mandatory

Injunction requiring re-conveyance of the subject property to the Petitioner or, in the alternative a Final Judgment granting Petitioner Quiet Title in the subject property." Id. at p. 7.

### III. ANALYSIS

The defendant argues that the court lacks subject matter jurisdiction over the Complaint because the plaintiff failed to assert his claims in the state court as compulsory counterclaims under Colorado Rule of Civil Procedure 13(a). The defendant summarily states that all of the claims asserted in this action are compulsory; it does not provide any meaningful discussion of the application of Rule 13(a) to each of the plaintiff's claims. I decline to perform this analysis for the defendant. See Beathune v. Cain, 494 P.2d 603, 323-25 (Colo. App. 1971) (setting forth the analysis to be performed to determine whether a claim is a compulsory counterclaim).

The defendant also argues that the plaintiff's claims are barred by the rule of Younger v. Harris, 401 U.S. 37 (1971). Younger abstention provides as follows:

> Under the Younger abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief-- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-- when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances. As [the] court stated in Amanatullah [v. State Bd. Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
>> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Weitzel v. Div. Of Occupational and Professional Licensing, 240 F.3d 871, 875 (10th Cir. 2001) (internal citations omitted).

Younger abstention operates as a bar to subject-matter jurisdiction. Id. Challenges pursuant to Younger are factual challenges to this court's subject matter jurisdiction. Under Holt, I do not presume the truth of the factual allegations of the Complaint. Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

The defendants state that there is an ongoing foreclosure action in the state court. The court in Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC, 2007 WL 1346591 (D. Colo. May 7, 2007), set forth the following summary of the foreclosure process:

> In Colorado, consensual liens against real property are created by recordation of a deed of trust granted by the lender to the public trustee of the county where the property is situate. Foreclosure of such liens is a hybrid process governed by statute. The process involves issuance of orders by the state district court authorizing and confirming the sale. C.R.C.P. 120; § 38-38-105, C.R.S. However, the process of conducting the sale and the parties' rights in such process are largely administrative.
>
> Upon default, if the deed of trust so authorizes, the lender or holder of the note may direct the public trustee to sell the property at a foreclosure sale. § 38-38-101(1), C.R.S. The lender must also seek an order from the state district court authorizing the sale under Rule 120. Once a sale is authorized, the public trustee advertises and conducts the sale. § 38-38-101(4), C.R.S. The property is sold to the highest bidder who receives a Certificate of Purchase. Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.
>
> FN3. The Rule 120 procedure requires notice and gives the borrower an opportunity to object to the sale. Under Rule 120(a), the holder of the note files a verified motion in the state court requesting an order authorizing the sale of the property. The clerk of the court then sets a hearing "not less than 20 nor more than 30

> days after the filing of the motion[.]" C.R.C.P. 120(a). Interested persons who oppose the motion have an opportunity to respond. C.R.C.P. 120(c). After hearing, the court must "summarily" either grant or deny the motion. C.R.C.P. 120(d). If the court authorizes the foreclosure sale, it also "shall require a return of such sale to be made to the court, and if it appears therefrom that such sale was conducted in conformity with the order authorizing the sale, the court shall thereupon enter an order approving the sale." C.R.C.P. 120(g).
>
> Prior to sale, the borrower may cure the default. After sale, the borrower and any junior lienholders may redeem the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together with any taxes paid or other proper charges. See § 38-38-101 to § 38-38-103, C.R.S. Redemption thus annuls the sale. If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.
>
> FN4. The time for redemption depends upon the nature of the property. § 3838302, C.R.S.
>
> Rule 120(d) expressly provides that an order authorizing the sale of property is not "an appealable order or judgment." However, a party may seek injunctive or other relief in any court of competent jurisdiction. Id.

Id. at *2.

The record contains evidence to support the following facts:

(1) On June 3, 2010, Chase Bank initiated in the District Court of Larimer County, Colorado, a foreclosure action requesting an order authorizing the sale of the real property located at 1400 Village Avenue, Loveland, Colorado. *Motion*, Exs. A and B.

(2) On June 14, 2010, the plaintiff filed a response requesting that the state court stop the foreclosure proceeding. Id. at Ex. C.

(3)  On August 11, 2010, the state court issued an order authorizing the sale of the property which stated:

> The Court finds on June 23, 2010 that there is a reasonable probability that the default or other circumstances alleged in the Motion to justify invocation of the power of sale has occurred; that an Order Authorizing Sale is otherwise proper under the Servicemembers Civil Relief Act as amended; that the provisions of C.R.C.P. 120 have been complied with; and that the Motion should be granted.

Id. at Ex. D.

(4)  On August 13, 2010, the state court denied the plaintiff's request for injunctive relief.  Id. at p. 2 and Ex. E.

The plaintiff filed this action in federal court on June 25, 2010.  Thus, the first requisite for Younger abstention is met because at the time the plaintiff filed his Complaint, there was an ongoing state foreclosure proceeding.[4]

Under Rules 120(c) and (d), Colo.R.Civ.P., the plaintiff may challenge in the state court "the existence of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale contained therein . . . ."  "Actions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law."  Beeler Properties, 2007 WL 1346591 at *1.  See also Memphis Street, LLC v. Lowe Enterprise

---

[4]On the record before me, it appears that the foreclosure action is still pending in the state court.  The parties have not submitted any evidence that the redemption period has expired, that the state court has issued an order confirming the sale, or that a Trustee's Deed has been issued.  Nevertheless, because the state foreclosure action was ongoing at the time the plaintiff filed his Complaint, the first of the Younger conditions is met.  Chapman v. Barcus, 372, Fed.Appx. 899, 902 (10th Cir. 2010).

Residential Investors, LLC, 2007 WL 1456067 (D. Colo. May 15, 2007). Thus, the second and third Younger requisites are met only as to the plaintiff's claims which challenge the foreclosure proceeding. Those claims are barred by Younger.

The plaintiff also brings claims pursuant to the Deceptive Practices Act, TILA, RESPA, HOEPA, Regulation X, Regulation Z, and state law that appear to challenge the current practices of the mortgage industry. However, the Complaint does not contain any comprehensible factual allegations which state a plausible cause of action against Chase Bank under any cause of action. Indeed, it is impossible to discern what actions or inactions were taken by Chase Bank against the plaintiff.[5]

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants

---

[5] It is also unclear whether Chase Bank was the initial lender for the refinancing transaction. *Complaint*, p. 8.

>of the actual grounds of the claim against them. Without some
>factual allegation in the complaint, it is hard to see how a claimant
>could satisfy the requirement of providing not only 'fair notice' of
>the nature of the claim, but also 'grounds' on which the claim rests.
>See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.,
>499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual
>detail in a complaint may be so sketchy that the complaint does not
>provide the type of notice of the claim to which the defendant is
>entitled under Rule 8."). The Twombly Court was particularly
>critical of complaints that mentioned no specific time, place, or
>person involved in the alleged conspiracies. Given such a
>complaint, a defendant seeking to respond to plaintiffs' conclusory
>allegations ... would have little idea where to begin.

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Complaint utterly fails to provide Chase Bank with fair notice of the claims against it or the bases for such claims.

## IV.  CONCLUSION

I respectfully RECOMMEND:

(1)  The Motion be GRANTED insofar as it seeks dismissal pursuant to the Younger abstention doctrine of all claims against Chase Bank which challenge the foreclosure action; and

(2)  Any remaining claims against Chase Bank be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and

file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 12, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge