**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01494-REB-BNB

CLAYTON QUACKENBUSH,

     Plaintiff,

v.

J.P. MORGAN CHASE BANK, NA,

     Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following:(1) the **Defendant's Rule 12(b)(1)**

**Motion To Dismiss for Lack of Subject Matter Jurisdiction** [#11][1] filed October 8,

2010; and (2) the **Recommendation of United States Magistrate Judge** [#19] filed

July 12, 2011.  Neither party has filed objections to the recommendation.  I approve and

adopt the recommendation, grant the motion to dismiss, and dismiss this case.

Because the plaintiff is proceeding *pro se*, I have construed his pleadings and

other filings more liberally and held them to a less stringent standard than formal

pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007);

***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d

1106, 1110 (10th Cir. 1991).  Because no party filed objections to the recommendation, I

---

[1]   "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

review the recommendation only for plain error.  *See Morales-Fernandez v.*

*Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  Finding

no error, much less plain error, in the magistrate judge's recommended disposition, I

approve and adopt the recommendation and grant the motion to dismiss.

The plaintiff's complaint is based on the fact that the defendant initiated

foreclosure proceedings against the plaintiff's property.  For the reasons detailed by the

magistrate judge, the plaintiff's claims challenging the foreclosure proceeding in state

court are barred by the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971).

This court does not have subject matter jurisdiction over those claims. With regard to

the plaintiff's other claims, I agree with the analysis of the magistrate judge and his

ultimate conclusion that the plaintiff's complaint "utterly fails to provide Chase Bank with

fair notice of the claims against it or the bases for such claims."  On this basis, the

remainder of the plaintiff's claims must be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#19] filed

July 12, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the **Defendant's Rule 12(b)(1) Motion To Dismiss for Lack of Subject

Matter Jurisdiction** [#11] filed October 8, 2010, is **GRANTED**;

3.  That **JUDGMENT SHALL ENTER** in favor of the defendant, J.P. Morgan

Chase Bank NA, and against the plaintiff, Clayton Quackenbush;

4.  That the defendant is **AWARDED** its costs to be taxed by the Clerk of the

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.

Court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    5.  That this case is **CLOSED**.

Dated August 10, 2011, at Denver, Colorado.

**BY THE COURT:**

_Bob Blackburn_
Robert E. Blackburn
United States District Judge
